IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 12 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| FINANCIAL FEDERAL CREDIT, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RONALD STAMATO and PATRICK § <br> STAMATO, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-03-5186 |

MEMORANDUM AND ORDER

Pending is Defendants Ronald Stamato's and Patrick Stamato's Motion to Dismiss Plaintiff's Complaint due to Improper Venue or, in the Alternative, to Transfer Venue (Document No. 14).[1] After having carefully considered the motion, response, and applicable law, the Court concludes that the motion should be denied.

I. Background

This is an action seeking recovery on several promissory notes, security agreements, and guaranties. Plaintiff Financial Federal Credit, Inc. ("FFC") contends that Defendants Ronald Stamato and Patrick Stamato (collectively "Defendants") defaulted on their payment obligations to FFC under the preceding documents.

---

[1] Also pending is Plaintiff Financial Federal Credit Inc.'s Motion for Default Judgment (Document No. 13). In view of Defendants' motion and accompanying submissions, Plaintiff's Motion for Default Judgment is DENIED.

On December 15, 2000, and September 28, 2001, Defendants Patrick Stamato and Ronald Stamato, respectively, signed identical guaranties to FFC to guarantee payment of all past and future obligations of H.C. Co., Inc. ("HC") and P&N/SJG Recycling Specialists, Inc. ("P&N") to FFC. *See* Document No. 12 ex. O; id. ex. P; id. ex. U; id. ex. V. Each guaranty recited that the signer was "directly and unconditionally liable" for payment and performance of all past and future obligations of HC and P&N to FFC. Id. Each guaranty also contained a forum selection clause in which the guarantor **"DOES HEREBY AGREE TO THE JURISDICTION AND VENUE OF ANY COURT SITTING IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER."** Id. The dispute in this case arises out of HC's alleged default on six written promissory notes with FFC, and P&N's alleged default on one written promissory note with FFC, secured under corresponding written security agreements executed between December, 2000, and August, 2002, respectively. *See* id. exs. A-N.

FFC contends that it fulfilled all of its duties under the above documents, but HC and P&N failed to make their required payments and the Defendants failed to pay under the guaranties. FFC seeks recovery of these unpaid sums. Defendants move to dismiss FFC's complaint for improper venue, alleging that they do not have any contacts with the State of Texas. In the alternative, they request that the Court transfer the case to the United States

District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). FFC responds that by entering into the guaranties, Defendants waived any objection to the jurisdiction of this Court. FFC asserts that the forum selection clause found in the guaranties specifically provides that Defendants agree to the jurisdiction of any court in Harris County, Texas, and further provide that venue is proper in Harris County, Texas.

## II.  Motion to Dismiss

Defendants do not deny that they signed the guaranties containing the above quoted forum selection clause. Nor do they dispute that FFC's breach of contract claim falls within the purview of the clause. Rather, Defendants allege that the clause is not enforceable because it "would violate the public's interest in centralizing bankruptcy proceedings in the bankruptcy court where the case is pending," given that HC and P&M have recently filed Chapter 11 bankruptcy in the Bankruptcy Court for the District of New Jersey.  Document No. 14, at 12.

A forum selection clause is prima facie valid and should be enforced unless the resisting party shows that enforcement would be unreasonable. M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907, 1913 (1972); see also Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998). The burden of establishing unreasonableness is a heavy one and rests solely with the party

resisting enforcement of the clause. <u>Afram Carriers, Inc.</u>, 145 F.3d at 301; <u>Maley v. Design Benefits Plan, Inc.</u>, 125 F. Supp. 2d 836, 838 (E.D. Tex. 2000) (Cobb, J.). Unreasonableness may be shown by establishing that: (1) the forum selection clause was the product of fraud or overreaching; (2) the party seeking to escape the clause will be deprived of his day in court due to the inconvenience of the selected forum; or (3) enforcement of the clause will contravene a strong public policy of the forum state. <u>Afram Carriers, Inc.</u>, 145 F.3d at 301; <u>Maley</u>, 125 F. Supp. 2d at 837-38. Increased cost and inconvenience are insufficient reasons to invalidate forum-selection clauses. <u>Mitsui & Co., Inc. v. Mira M/V</u>, 111 F.3d 33, 37 (5th Cir. 1997). Rather, there must be a "*serious* inconvenience" of the contractual forum to one or both of the parties, for example, "an agreement between two Americans to resolve their essentially local disputes in a remote alien forum." <u>Carnival Cruise Lines, Inc. v. Shute</u>, 111 S. Ct. 1522, 1528 (1991) (emphasis added).

Defendants have failed to produce any evidence that would indicate that FFC engaged in fraud or overreaching in negotiating the forum selection clause or that the enforcement of the clause would deprive Defendants of their day in court. Likewise, there is no evidence that the enforcement of the forum selection clause would contravene the public policy of this forum. As such, the forum selection clause is enforceable. Therefore, to the extent

4

that Defendants challenge the propriety of venue in the Southern District of Texas, the Court finds that Defendants consented to such venue. Defendants' Motion to Dismiss will be denied.

### III. Motion to Transfer

Defendants alternatively request that the Court transfer the lawsuit to the District of New Jersey pursuant to § 1404(a). Title 28 U.S.C. § 1404(a) permits a district court to transfer an action to another district "[f]or the convenience of parties and witnesses, in the interest of justice." The transfer of an action under § 1404 is committed to the sound discretion of the district court and is made for the purpose of preventing waste of time, energy and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *See* Van Dusen v. Barrack, 84 S. Ct. 805, 809 (1964); Stabler v. N.Y. Times Co., 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)(McDonald, J.); *see also* Jarvis Christian College v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988) (holding that review of the decision of the transferring judge is limited to abuse of discretion). Section 1404 vests discretion in the district court to adjudicate on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 84 S. Ct. at 812; Stewart Org., Inc. v. Ricoh Corp., 108 S. Ct. 2239, 2244 (1988). A movant, however, has the burden of establishing that the balance of convenience and

justice weighs strongly in favor of transfer. See <u>Gulf Oil Corp. v. Gilbert</u>, 67 S. Ct. 839, 843 (1947).

In considering whether to grant a transfer under § 1404(a), a district court should consider factors such as those set forth in <u>Gulf Oil Corp.</u>, <u>id.</u>, and synthesized in <u>Houston Trial Reports, Inc. v. LRP Publications, Inc.</u>, 85 F. Supp. 2d 663 (S.D. Tex. 1999) (Rosenthal, J.). These factors fall into two categories: private interest factors and public interest factors. See <u>Houston Trial Reports</u>, 85 F. Supp. 2d at 668.

A.  <u>Private Interest Factors</u>

The private interest factors focus on the convenience and costs of the parties and witnesses. These factors include (1) the availability and convenience of the witnesses and parties, (2) the cost of obtaining the attendance of witnesses and other trial expenses, (3) the location of books and records, (4) the place of the alleged wrong, (5) the plaintiff's choice of forum, and (6) the possibility of delay or prejudice if a transfer is granted. See <u>id.</u>

1.  <u>Location of Witnesses and Parties</u>

Although the location of witnesses and parties is a factor of considerable importance, in a motion to transfer a party should specifically identify key witnesses and outline their testimony. See <u>Houston Trial Reports</u>, 85 F. Supp. 2d at 668-69. Defendant

6

Ronald Stamato states that "[t]he case will involve not just the testimony of my brother [Defendant Patrick Stamato] and me, but also of valuation experts familiar with the prevailing market conditions in the State of New Jersey for the re-sale of assets used and useful by waste disposal and recycling business in the State of New Jersey." Document No. 15, at ¶ 20. Defendant Ronald Stamato states further that "[t]he case will also involve testimony of other individuals familiar with the events leading up to Financial Federal's taking control and liquidation of collateral, including the testimony of Financial Federal representatives in the State of New Jersey who actually performed these tasks on behalf of Financial Federal." Id. at ¶ 21.

Although Defendants suggest that their defense of "fair market credit" under New Jersey law may involve "valuation of assets found within the State of New Jersey at market conditions existing in New Jersey," they have not named any New Jersey valuation experts or provided the substance of such expert opinion and shown how, if at all, it is relevant and helpful to Defendants' case. Moreover, Defendants do not name the "other individuals" who they allege have certain knowledge, nor identify their whereabouts (except for unnamed "Financial Federal representatives in the State of New Jersey"), nor--most importantly--describe the substance of the supposed testimony of any of these unnamed persons and explain how such testimony is relevant or helpful to Defendants' case. Defendants have made no showing, therefore, that a transfer is

necessary for the convenience of any key witnesses in New Jersey who can actually be of assistance to Defendants' case. What remains is only the presence of Defendants in New Jersey, which is fully offset by FFC's presence in Texas.

2. <u>Cost of Obtaining Witnesses</u>

A transfer should not be ordered if the result is merely to shift the necessary and natural inconvenience of litigation from one party to another. <u>Gardipee v. Petroleum Helicopters, Inc.</u>, 49 F. Supp. 2d 925, 928 n.1 (E.D. Tex. 1999); <u>Cont'l Airlines, Inc. v. Am. Airlines, Inc.</u>, 805 F. Supp. 1392, 1395 n.10 (S.D. Tex. 1992)(Kent, J.). Defendants contend that litigating in Houston would create additional deposition and travel expenses because "all the parties are located in New Jersey." Document No. 14, at 8-9. Defendants argue that FFC has retained counsel in HC's and P&N's separate New Jersey bankruptcy proceedings, but those are separate proceedings from this case. Defendants still fail to show that Defendants' alleged inconvenience would outweigh the costs to FFC of litigating *this case* in New Jersey. This factor does not weigh in favor of transfer.

3. <u>Location of Books and Records</u>

If documents and records can be produced and examined anywhere, their location does not itself create grounds for

8

transferring venue. *See* <u>Cont'l Airlines</u>, 805 F. Supp. at 1397-98. Although Defendants claim that the documents were executed in New Jersey and by inference may still be situated there, the documentary evidence already appears to have been produced in this case and appears easily transportable. *See* Document No. 17, 18. Defendants point to the location of the collateral in New Jersey. *See* Document No. 14, at 8. They do not show how physical proximity to this equipment would be relevant to this litigation, however. This factor does not weigh in favor of transfer.

    4.   <u>Place of the Alleged Wrong</u>

The place of the alleged wrong is a significant factor in assessing the merits of a transfer. *See* <u>Houston Trial Reports</u>, 85 F. Supp. 2d at 670. Defendants emphasize that the agreements forming the basis of FFC's claim were signed in New Jersey. *See* Document No. 14, at 5. The alleged default, however, implicates Texas. Invoices for payments due under the Security Agreement were generated and mailed from Texas; payments received were deposited in Houston. *See* <u>Affidavit of Andrew G. Remias</u>, Document No. 17, at ¶¶ 23-24. On balance, this factor does not weigh in favor of transfer.

    5.   <u>Plaintiff's Choice of Forum</u>

A "plaintiff's choice of forum is clearly a fact to be considered, but in and of itself is neither conclusive nor

9

determinative." In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003). A plaintiff's choice of forum, however, is accorded substantial weight unless "the location of the defendants and witnesses, evidence, and the locus of operative facts, all point to a venue other than that selected by the plaintiff." Coons v. Am. Horse Show Ass'n, Inc., 533 F. Supp. 398, 400 (S.D. Tex. 1982) (McDonald, J.). FFC brought this action in its home forum, and the location of Defendants, witnesses, and operative facts do not all point to a different venue.

Highly significant, moreover, are Defendants' agreements to jurisdiction and venue in this forum. Although a forum selection clause is but one of several factors that must be considered in a Section 1404(a) analysis, the Supreme Court has observed that it is a "significant factor that figures centrally in the [court's] calculus." Stewart Org., 108 S. Ct. at 2244. On the whole, therefore, and taking into account the *significant* fact that each of Defendants specifically agreed to this forum, Plaintiff's choice of forum in this case weighs heavily against transfer of the case.

    6.   Possibility of Delay or Prejudice

"[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." In re Horseshoe Entm't, 337 F.3d at 434.

10

Defendants have shown no undue delay or harm that will result from a denial of transfer. This is therefore not one of those "rare" cases, and this factor does not weigh in favor of transfer.

B.  Public Interest Factors

"The public interest factors address broader objectives, such as the fair and efficient administration of the judicial system." Houston Trial Reports, 85 F. Supp. 2d at 668. If transfer would enable different cases involving the same issues and parties to be heard in a single forum, this factor is implicated. See Continental Grain Co. v. The FBL-585, 80 S. Ct. 1470, 1474 (1960).

Defendants argue that despite their contractual agreement to the contrary, the present lawsuit should be transferred to New Jersey because the case is "related to" HC's and P&N's existing Chapter 11 bankruptcy proceedings in the Bankruptcy Court of the District of New Jersey.[2] Defendants contend that transfer of this action would serve "[j]udicial economy, as well as the goals of uniformity and consistency." Document No. 14, at 6.

Despite Defendants' contention, this action does not "relate to" HC's and P&N's bankruptcy. For a case to be "related to" a proceeding under Title 11, the outcome must affect an estate that is being administered in bankruptcy. See In re Bass, 171 F.3d

---

[2] According to Defendants, the District of New Jersey has a standing order that refers matters related to bankruptcy proceedings to the Bankruptcy Court in that district.

11

1016, 1022 (5th Cir. 1999). While aspects of the New Jersey bankruptcy proceeding may have a connection with the subject matter of the present lawsuit, there is no evidence that the bankruptcy estates of HC and P&N will be affected by the outcome of this suit. Instead, if Defendants' contentions are correct, the converse may be true: the outcome of the HC's and P&N's bankruptcy proceeding may serve to offset FFC's damages recoverable in *this* suit. There is therefore no meritorious basis for this case to be transferred to the District of New Jersey.

Based on the foregoing, the Court finds on balance that the combination of private and public factors weighs against transfer. Defendants' Motion to Transfer will be denied.

## IV. Order

For the reasons set forth, it is hereby

ORDERED that Defendants Ronald Stamato's and Patrick Stamato's Motion to Dismiss Plaintiff's Complaint due to Improper Venue or, in the Alternative, to Transfer Venue (Document No. 14) is DENIED.

The Clerk will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas on this 12TH day of March, 2004.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE