IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 03 – 5186 |
| | § | |
| RONALD STAMATO and PATRICK STAMATO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment. For the following reasons, Plaintiff's Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff filed this action to collect payment on seven Promissory Notes issued to it by H.C. (Notes Nos. 1-6) and P&N (Note No. 7) between December 15, 2000, and August 23, 2002. On or about September 28, 2001, Defendant Ronald Stamato ("Defendant")[1] delivered to Plaintiff a Guaranty of the obligations of H.C. to Plaintiff. The Guaranty formed part of the consideration for Plaintiff's acceptance and funding of Notes Nos. 1-6.[2] The Guaranty provides that Defendant agrees to be directly and unconditionally liable to Plaintiff for the due payment and performance of all obligations of H.C. to Plaintiff.

---

[1] Patrick Stamato has filed a petition under Chapter 11 of the Bankruptcy Code and has therefore been dismissed from this case.

[2] On or about September 28, 2001, Defendant also delivered to Plaintiff a Guaranty of the obligations of P&N to Plaintiff. The Guaranty formed part of the consideration for Plaintiff's acceptance and funding of Note No. 7. This Guaranty is not at issue here.

Plaintiff has moved for summary judgment. The only argument Defendant raises in response to Plaintiff's Motion is that any promise on his part to guarantee pre-existing obligations of H.C. under Note No. 1 is not enforceable because there was no consideration for the promise.

## II.   SUMMARY JUDGMENT

### A.   Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted). Evidence is construed in the light most favorable to the non-moving party. *Id.*

### B.   No Genuine Issue of Material Fact

Summary judgment for Plaintiff is appropriate here because there is no genuine issue of material fact. The only issue is one of law and it is easily resolved in favor of Plaintiff. Defendant argues that there was no consideration for his promise to guarantee Note No. 1 because Note No. 1 was issued approximately one year before Defendant delivered the Guaranty. Plaintiff argues that there was consideration for the Guaranty because Plaintiff relied on the Guaranty in issuing Notes Nos. 2-6, and because it forewent its chance to enforce its rights under Note No. 1 at the time of the Guaranty. Under New Jersey law,[3] consideration for a guaranty exists when there is "either a slight benefit to the promisor or a trifling inconvenience to the

---

[3] Pursuant to the Guaranty, the Court must apply the law of the State of New Jersey, Defendant's domicile.

2

promisee." *Great Falls Bank v. Pardo*, 622 A.2d 1353, 263 N.J. Super. 388, 401 (1993). There was clearly consideration for the Guaranty at issue here, and therefore the promise contained therein to pay the pre-existing obligation under Note No. 1 is valid and enforceable.

## III. CONCLUSION

Because there is no genuine issue of material fact, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

SIGNED this 4 day of March, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**